IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NATHAN DORMAN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CAUSE NO. _____ |
| § | |
| BAR HARBOR WHALE WATCH CO., § | **JURY TRIAL DEMANDED** |
| AND OCEAN PROPERTIES, LTD., § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Nathan Dorman complains of Defendants Bar Harbor Whale Watch Co., and Ocean Properties, Ltd., and would respectfully show unto the Court as follows:

**JURISDICTION & VENUE**

1. This action is within the jurisdiction of this Court and its civil docket pursuant to 28 U.S.C. § 1333.

2. Plaintiff's claims against Defendants are maintained under the Jones Act, 46 U.S.C. § 30104 and the general maritime law pursuant to 28 U.S.C. § 1333.

3. Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in the district.

4. This is a complaint for damages arising from personal injury.

**PARTIES**

5. Plaintiff is an American seaman and is a resident of Maine.

6. Defendant Bar Harbor Whale Watch Co. is a Maine corporation doing continuous and substantial business within the district. Defendant Bar Harbor Whale Watch Co. may be served by and through its registered agent for service of process, Marc Brent, at Eagle Lake Road, RR 1, Box 5015, Bar Harbor, Maine 04609.

7. Defendant Ocean Properties, Ltd., is a Maine limited partnership doing continuous and substantial business within the district. Defendant Ocean Properties, Ltd., may be served by and through its registered agent for service of process, Kenneth A. Keene, at 128 State St., #3, Augusta, Maine 04330.

## NATURE OF THIS ACTION

8. Plaintiff was an able-bodied seaman and on August 26, 2020, was employed as a seaman aboard the M/V THE ACADIA EXPLORER by Defendants.

9. While conducting a round aboard the M/V THE ACADIA EXPLORER, Plaintiff was forced to navigate the hatch down into the jetroom.

10. This hatch had a metal railing that went all the way around the hatch.

11. This required Plaintiff to climb over the metal railing and under the hatch cover to access the ladder.

12. In doing so, Plaintiff fell and suffered severe and debilitating damage to his knee that has already required multiple surgical interventions.

13. As a direct and proximate result of the incident, including the negligence, negligence per se, and gross negligence of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and

suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

14. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendant proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Defendant is therefore liable for exemplary damages.

15. Despite Plaintiff's severe and extensive injuries, he has not been paid sufficient maintenance and cure. Specifically, Defendants have not paid all of Plaintiff's medical bills related to the injuries in this lawsuit. As a Jones Act seaman, Plaintiff is entitled to maintenance and cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order the Defendants to pay adequate maintenance and cure benefits from this day forward. Moreover, Plaintiff alleges that Defendants' failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Claimant seeks attorneys' fees and punitive damages.

16.     Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent and reckless. Defendants' conduct was willful, wanton, arbitrary, and capricious, Defendants acted with flagrant and malicious disregard for Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by operating the M/V THE ACADIA EXPLORER in an unseaworthy condition. This recklessness caused Plaintiff's injuries. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved and consciously disregarded such risks. Moreover, Plaintiff may recover punitive damages under the general maritime law because of the vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding*. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendants.

## CAUSES OF ACTION
## COUNT I
## (JONES ACT NEGLIGENCE)

17.     Plaintiff reiterates the allegations set forth above and below.

18.     Defendants are liable to Plaintiff under the theory of negligence. Plaintiff sustained injuries because of Defendants' negligence when Defendants:

- failed to properly supervise its crew and the work aboard the vessel;
- failed to provide adequate crew;
- failed to properly train their crew;
- failed to safely operate their vessel;
- failed to provide necessary equipment for the safe performance of work;
- failed to provide reasonably safe work conditions;

- failed to take reasonable precautions for Plaintiff's safety;
- failed to ensure the vessel was properly maintained;
- operated the vessel with a dangerous condition; and
- other acts so deemed negligent and grossly.

19. As a direct and a proximate result of the incident, Plaintiff suffered the damages stated herein.

## COUNT II
## (GENERAL MARITIME LAW – UNSEAWORTHINESS)

20. Plaintiff reiterates the allegations set forth above and below.

21. The personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the Unseaworthiness of the M/V THE ACADIA EXPLORER, her crew, and her appurtenances.

22. As a direct and a proximate result of the incident, Plaintiff suffered the damages stated herein.

## COUNT III
## (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

23. Plaintiff reiterates the allegations set forth above and below.

24. As a result of the incident and the damages suffered, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, Plaintiff prays that this citation for Bar Harbor Whale Watch Co., and Ocean Properties, Ltd., issue and be served upon the parties in a form and manner prescribed by law, requiring that the parties appear and answer, and that upon final hearing, Plaintiff have judgment against the parties in a total sum in excess of the minimum jurisdictional limits of this Court. Plaintiff also seeks interest on all sums found to be owing from the date said interest accrues

by law, all costs of these proceedings, and all such other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

                                            Respectfully submitted,
                                            NATHAN DORMAN
                                            By Its Attorneys,

                                            SHAHEEN & GORDON, P. A.

Dated:  February 23, 2023            /s/ Anthony M. Carr
                                            Anthony M. Carr (NH Bar # 267623)
                                            107 Storrs Street
                                            P. O. Box 2703
                                            Concord, NH 03302
                                            (603) 225-7262
                                            acarr@shaheengordon.com

                                            Kyle W. Chapel
                                            PIERCE SKRABANEK, PLLC
                                            3710 Kirby Dr., Suite 760
                                            Houston, Texas 77098
                                            (832) 690-7000
                                            Kyle@pstriallaw.com